# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                 Case No.: 2:90-CR-78 (1)
                                                     JUDGE SMITH

**ALEX CUNNINGHAM,**

                                                    *Date of Original Judgment:*
      **Defendant.**                              *November 8, 1991*

## ORDER

      This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 2). Defendant was originally sentenced to life in prison after being found guilty on Counts 1, 4-7, 9-11, 13, 17-18, 19, 20, 22, 23, 25-26 following trial. The charges included conspiracy, money laundering, possession with intent to distribute cocaine, income tax evasion, possession of a firearm by a convicted felon, possession of a firearm during and in relation to drug trafficking crimes, and forfeiture. Defendant's advisory sentencing guideline range was 360 months to Life, based on an offense level 40 and criminal history category III.

      On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11. Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

      Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing

Commission's eligibility requirements for the retroactive application of Amendment 782 to his case.  After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from Life to 365 months.  Defendant's total offense level would then be a 38, and combined with a criminal history category III, the new advisory guideline range would be 292 to 365 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court.  *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).  In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable.  *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range.  The sentence of life previously imposed in this case is hereby reduced to a term of incarceration of 365 months.  Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015.  Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 2 from the Court's pending motion's list.

**IT IS SO ORDERED.**

  /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:    April 9, 2015*

*Effective Date: November 1, 2015*